Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| CONSEJO DE TITULARES DEL CONDOMINIO VILLAS DEL FARO<br><br>Apelante<br><br>v.<br><br>MAPFRE PRAICO INSURANCE COMPANY<br><br>Apelado | TA2025AP00057 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2019CV01340<br><br>Sobre: Incumplimiento Contractual Aseguradoras Huracanes Irma/María |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

### SENTENCIA

En San Juan, Puerto Rico, a 7 de agosto de 2025.

Comparece el Consejo de Titulares del Condominio Villas del Faro (en adelante, Consejo y/o parte apelante) mediante *un Recurso de Apelación*, para solicitarnos la revisión de la *Sentencia Parcial* emitida y notificada el 11 de abril de 2025, por el Tribunal de Primera Instancia, Sala Superior de Humacao.[1] Mediante la referida sentencia, el foro primario declaró *Ha Lugar* una moción de desestimación presentada por la parte apelada del título y, en consecuencia, ordenó la desestimación de la causa de acción de la *Demanda* incoada por la parte aquí apelante, sobre costas y honorarios de abogado, amparada en el Artículo 27.165 del Código de Seguros de Puerto Rico (Código de Seguros).[2]

Por los fundamentos que expondremos, se *confirma* la *Sentencia Parcial* apelada.

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 274.
[2] Ley Núm. 77 de 19 de junio de 1957, 26 LPRA sec. 2716e.

## I

Conviene mencionar que esta es la *tercera* ocasión en la cual este panel atiende un recurso relacionado a la acción del título. En la *primera* ocasión, confirmamos una *Sentencia Parcial*, emitida el 7 de junio de 2023, y notificada al día siguiente, en la cual el foro primario ordenó la desestimación de la reconvención presentada por la parte apelada del título.[3] Luego, en un *segundo* recurso, denegamos expedir un recurso de *certiorari* presentado por el Consejo, ante su inconformidad con una *Orden* emitida por el tribunal *a quo*, el 5 de abril de 2024.[4] Es por lo anterior que, para disponer del presente recurso, nos limitaremos a mencionar los hechos relacionados a la revisión de la *Sentencia Parcial* que nos ocupa.

Según ya hemos relatado anteriormente, el 4 de septiembre de 2019, el Consejo presentó una *Demanda* sobre incumplimiento de contrato, daños, mala fe, violaciones al Código de Seguros, entre otras cosas, contra Mapfre Praico Insurance Company (en adelante, Mapfre y/o parte apelada).[5] En cuanto al Código de Seguros, alegó que Mapfre, con su conducta temeraria, había infringido varios artículos del referido código, entre ellos, el Artículo 27.164(1)(b).[6] De manera que, si prevalecía, tendría derecho a una compensación por las costas y honorarios de abogado en virtud del Artículo 27.165 del Código de Seguros,[7] y de la Regla 44.1 de Procedimiento Civil.[8]

Tras varias incidencias procesales innecesarias de pormenorizar, el 23 de diciembre de 2021, Mapfre presentó su

---

[3] Véase *Sentencia* del alfanumérico KLAN202300705. Véase, además, SUMAC TPI, a la Entrada 96.

[4] Véase *Resolución* del alfanumérico KLCE202400665. Véase, además, SUMAC TPI, a la Entrada Núm. 151. En esta *Orden*, el tribunal *a quo* tomó conocimiento que los procesos de investigación, ajuste y pago de la reclamación aún se encontraban pendientes, y dispuso que, sobre estas cuestiones, aun existía controversia por lo que debían dilucidarse en juicio.

[5] SUMAC TPI, a la Entrada Núm. 1

[6] Ley Núm. 77, *supra*, 26 LPRA sec. 2716d.

[7] *Íd.*, 26 LPRA sec. 2716e.

[8] 32 LPRA Ap. V, R. 44.1.

alegación responsiva.[9] En el escrito, aceptó algunas de las alegaciones de la demanda y negó otras. Particularmente, en sus defensas afirmativas, arguyó que:

> [l]a violación de una disposición del Código de Seguros, su Reglamento, o de las directrices expedidas por la Oficina del Comisionado de Seguros, no proveen una causa de acción privada al demandante(s) y no pueden servir de base para un reclamo civil, sin antes cumplir con el requisito de notificación establecido mediante la Ley 247 de 2018.[10]

Posteriormente, el 7 de noviembre de 2023, Mapfre presentó una *Moción de desestimación parcial por falta de jurisdicción.*[11] En el pliego, acentuó que, de las alegaciones de la *Demanda*, se desprendía que, el 15 de julio de 2019, el Consejo presentó ante la Oficina del Comisionado de Seguros un *Formulario de Notificación Previo a Entablar una Acción Civil* (Formulario de Notificación) conforme al Artículo 27.164 del Código de Seguros.[12] Empero, igualmente, se desprendía que la referida demanda, se había presentado cuando aún no había transcurrido el término jurisdiccional de sesenta (60) días, contados a partir la presentación del aludido formulario, que dispone dicho artículo, como requisito previo para presentar una acción bajo sus disposiciones. Señaló que, específicamente, habían transcurrido cincuenta y un (51) días entre la presentación del formulario y la *Demanda*. A tenor, arguyó que, al amparo de lo concluido por nuestro Tribunal Supremo, en *Con. Tit. 76 Kings Court v. MAPFRE,* 208 DPR 1018 (2022), el incumplimiento del aludido término cerraba las puertas a los remedios provistos por los Artículos 27.164 y 24.165 del Código de Seguros.[13] Así, pues, Mapfre peticionó al foro primario que desestimara, con perjuicio, la causa de acción por violación al

---

[9] SUMAC TPI, a la Entrada Núm. 59. Conviene mencionar que, junto con su alegación responsiva, la parte apelada incluyó una *Reconvenció*n, la cual posteriormente fue desestimada por el tribunal de instancia. Según adelantamos, la procedencia de la referida desestimación fue confirmada por esta Curia mediante el alfanumérico KLAN202300705.
[10] SUMAC TPI, a la Entrada Núm. 59, Defensa Afirmativa Núm. 14, pág. 8.
[11] *Íd.,* a la Entrada Núm. 119.
[12] Ley Núm. 77, *supra*, 26 LPRA sec. 2716d.
[13] *Íd.,* 26 LPRA secs. 2716d y 2716e.

Artículo 21.164, así como la de honorarios de abogado al amparo del Artículo 27.165.[14]

En reacción, el 7 de diciembre de 2023, ocurrieron dos (2) eventos procesales, el *primero* fue que el Consejo presentó una *Moción de desistimiento voluntario de segunda causa de acción de la demanda.*[15] Resaltó en esta moción que, en el caso reseñado por Mapfre en su solicitud de desestimación, el Tribunal Supremo emitió una *Resolución,* en respuesta a una segunda moción en reconsideración, en la cual aclaró que la desestimación de la causa de acción al amparo del Código de Seguros era sin perjuicio. A tenor, expresó que se acataba a lo dispuesto por el referido caso y desistía de la causa de acción amparada en el Artículo 27.164 del Código de Seguros, sin perjuicio.[16]

El *segundo* evento procesal fue que, ese mismo 7 de diciembre, el Consejo presentó un segundo escrito, en el cual, se opuso a la solicitud de desestimación presentada por Mapfre.[17] Expresó que, aunque no tenía reparo en desistir de la causa de acción al amparo del Artículo 27.164 del Código de Seguros,[18] el incumplimiento con el término jurisdiccional dispuesto por este artículo no equivalía a la renuncia de todo remedio que provee el Código de Seguros. Arguyó que el decurso del referido término era solo una condición previa para entablar una acción bajo las disposiciones del Artículo 27.164,[19] no así para solicitar honorarios de abogado en virtud Artículo 27.165.[20] Subrayó que, de una lectura del aludido Artículo 27.165,[21] era claro que el único requisito para recibir una compensación por honorarios de abogado bajo este artículo era

---

[14] Ley Núm. 77, *supra,* 26 LPRA secs. 2716d y 2716e.
[15] SUMAC TPI, a la Entrada Núm. 132.
[16] Ley Núm. 77, *supra,* 26 LPRA sec. 2716d.
[17] SUMAC TPI, a la Entrada Núm. 133.
[18] Ley Núm. 77, *supra,* 26 LPRA sec. 2716d.
[19] *Íd.*
[20] Ley Núm. 77, *supra,* 26 LPRA sec. 2716e.
[21] *Íd.*

haber progresado en la demanda. En consideración a lo anterior, peticionó que, en cuanto a la causa de acción sobre honorarios de abogado, amparada en el Artículo 27.165,[22] se declarara *No Ha Lugar* la moción de desestimación parcial presentada por Mapfre.

Evaluados los antedichos escritos, así como una réplica y una dúplica, presentadas por las partes del título,[23] el 11 de diciembre de 2023, notificada el día 22, del mismo mes y año, el foro primario emitió una *Sentencia Parcial* en la cual declaró *Ha Lugar* la solicitud de desistimiento incoada por el Consejo y ordenó el archivo, sin perjuicio, de la causa de acción al amparo del Artículo 27.164 del Código de Seguros.[24]

Luego, el 22 de diciembre 2023, el referido foro emitió y notificó una *Resolución* mediante la cual declaró *No Ha Lugar* la moción de desestimación presentada por Mapfre.[25] El tribunal *a quo* concluyó que del texto legal y de la intención legislativa detrás de la aprobación de la Ley 247-2018, mediante la cual se incorporaron los Artículos 27.164 y 27.165 al Código de Seguros,[26] se desprendía que el requisito de notificación estatuido en el Artículo 27.164[27]era solo una condición previa para presentar una acción bajo ese artículo. De manera que, al Artículo 27.165[28] no le aplicaba lo razonado por el Tribunal Supremo en el caso reseñado por Mapfre. Así, pues, razonó que el único requisito para que se le concedieran honorarios de abogado a un asegurado, en virtud del antes mencionado artículo, era que recayera una sentencia a su favor.

Inconforme con el curso decisorio, el 8 de enero de 2024, Mapfre solicitó reconsideración,[29] a lo cual se opuso el Consejo.[30]

---

[22] Ley Núm. 77, *supra*, 26 LPRA sec. 2716e.

[23] SUMAC TPI, a las Entradas Núm. 135 y 136.

[24] *Íd.,* a la Entrada Núm. 140. Ley Núm. 77, *supra*, 26 LPRA sec. 2716d.

[25] SUMAC TPI, a la Entrada Núm. 141.

[26] Ley Núm. 77, *supra*, 26 LPRA secs. 2716d y 2716e.

[27] *Íd.*, 26 LPRA sec. 2716d.

[28] *Íd.,* 26 LPRA sec. 2716e.

[29] SUMAC TPI, a la Entrada Núm. 142.

[30] *Íd.*, a la Entrada Núm. 146.

Examinados los escritos, mediante *Orden,* emitida y notificada el 19 de enero de 2024, el tribunal de instancia declaró *No Ha lugar* la reconsideración.[31]

Pasado un tiempo, el 26 de marzo de 2025, Mapfre presentó una *Moción in limine parcial sobre opinión pericial anunciada por la parte demandante y solicitud de desestimación parcial.*[32] Reseñó que, en fecha reciente, el Tribunal Supremo había emitido una opinión en el caso *Consejo Titulares v. MAPFRE* , 2024 TSPR 140, 215 DPR ___ (2024), en la cual aclaró que los honorarios de abogado al amparo del Artículo 27.165[33] únicamente estaban disponibles cuando la compañía aseguradora no remediaba la situación dentro del término de sesenta (60) días dispuesto por el Artículo 27.164.[34] En consideración a lo anterior, arguyó que, dado a que el Consejo había presentado la acción del título al día cincuenta y uno (51), de haberse presentado el Formulario de Notificación, no tenía disponible una acción de honorarios de abogado al amparo del Código de Seguros, puesto a que no le brindó a Mapfre la oportunidad de remediar la situación en el término otorgado para ello. A tenor, solicitó al tribunal que desestimara con perjuicio la causa de acción referente a los honorarios de abogado bajo el Artículo 27.165.[35] Por otra parte, arguyó que, dado a que el Consejo ya no tenía disponible una causa de acción sobre prácticas desleales y mala fe al amparo Artículo 27.164, se debían eliminar todas aquellas partes del testimonio propuesto por el licenciado Carlos Ríos Gautier (Lcdo. Ríos Gautier) concernientes a esos temas.

En respuesta, el 7 de abril de 2025, el Consejo presentó su escrito en oposición.[36] En suma, arguyó que el tribunal ya había

---

[31] SUMAC TPI, a la Entrada Núm. 147.
[32] *Íd.,* a la Entrada Núm. 266.
[33] Ley Núm. 77, *supra*, 26 LPRA sec. 2716e.
[34] *Íd.,* 26 LPRA sec. 2716d.
[35] *Íd.,* 26 LPRA sec. 2716e.
[36] SUMAC TPI, a la Entrada Núm. 271.

resuelto la cuestión de la pertinencia del testimonio del Lcdo. Ríos Gautier, así como la desestimación de la reclamación sobre honorarios de abogado, de modo que, dado a que no se había presentado una moción de reconsideración, ni se recurrió ante el foro apelativo, la decisión tomada por el tribunal, en cuanto a estos dos (2) asuntos, se convirtió en la ley del caso. Por otro lado, arguyó que, en ese momento, no correspondía hacer una determinación en cuanto a los honorarios de abogado, ya que eso era una cuestión para dilucidar luego de concluir el juicio en fondo. Arguyó que, si el Tribunal determinara, en su día, que Mapfre actuó de manera temeraria, podría imponer costas y honorarios en virtud de la Regla 44.1 de Procedimiento Civil.[37] Así, pues, le solicitó al tribunal que rechazara la moción interpuesta por Mapfre en su totalidad.

Evaluado los escritos de las partes, el 11 de abril de 2025, el tribunal *a quo* emitió y notificó la *Sentencia Parcial* que nos ocupa.[38] Mediante el referido dictamen, el referido foro declaró *Ha Lugar* la solicitud de desestimación parcial presentada por Mapfre, y en consecuencia, desestimó con perjuicio la causa de acción relativa a honorarios de abogado bajo el Artículo 27.165.[39] El tribunal de instancia concluyó que, a tenor con la jurisprudencia reciente y habiéndose establecido, sin lugar a dudas, que el Consejo presentó su *Demanda* cuando aún no habían transcurrido los sesenta (60) días que requiere el Artículo 27.164 del Código de Seguros,[40] desde que se presentó el Formulario de Notificación, y dado a que el Tribunal Supremo concluyó que la referida omisión impide que el asegurado recupere honorarios al amparo del aludido Artículo 27.165,[41] procedía la desestimación de la causa de acción amparada en este articulado.

---

[37] 32 LPRA Ap. V, R. 44.1.
[38] SUMAC TPI, a la Entrada Núm. 274.
[39] Ley Núm. 77, *supra*, 26 LPRA sec. 2716e.
[40] *Íd.,* 26 LPRA sec. 2716d.
[41] Ley Núm. 77, *supra*, 26 LPRA sec. 2716e.

Subsiguientemente, el 28 de abril de 2025, el Consejo presentó un escrito en el cual solicitó la reconsideración de la sentencia parcial que nos ocupa.[42] En suma, arguyó que ante el hecho de que aún se estaba dilucidando el incumplimiento contractual doloso de Mapfre, desestimar una causa de acción bajo el Artículo 27.165,[43] en esa etapa de los procedimientos, resultaba prematuro. Por otra parte, planteó que desestimar la referida causa de acción con perjuicio era inconsistente con la normativa de falta de jurisdicción, al igual que con la determinación previa del tribunal *a quo*, en la cual desestimó la causa de acción bajo el Artículo 27.164 sin perjuicio.[44] Lo anterior, puesto a que, si aún tenía derecho a presentar una reclamación bajo el antedicho articulado, desestimar la causa de acción bajo el Artículo 27.165,[45] con perjuicio, resultaba en una privación a exigir honorarios de abogado en el futuro.

Por su parte, el 5 de mayo de 2025, Mapfre presentó oposición a la reconsideración.[46] En esta, arguyó que el escrito instado por el Consejo era temerario puesto a que no había duda de lo establecido en el caso de *Consejo Titulares v. MAPFRE*, supra, sobre la no disponibilidad de una causa de acción de honorarios de abogado al amparo del Artículo 27.165[47] del Código de Seguro cuando se incumplen con los requerimientos del Artículo 27.164[48] del aludido cuerpo normativo. En consideración a lo anterior, peticionó al foro primario que declarara sin lugar la moción de reconsideración y le concediera una suma razonable de honorarios de abogado por la temeridad del Consejo.

---

[42] SUMAC TPI, a la Entrada Núm. 286.
[43] Ley Núm. 77, *supra*, 26 LPRA sec. 2716e.
[44] *Íd.*, 26 LPRA sec. 2716d.
[45] *Íd.*, 26 LPRA sec. 2716e.
[46] SUMAC TPI, a la Entrada Núm. 305.
[47] Ley Núm. 77, *supra*, 26 LPRA sec. 2716e.
[48] *Íd.*, 26 LPRA sec. 2716d.

Examinados los antedichos escritos, así como una réplica[49] y una duplica[50] presentadas por las partes del título, el tribunal de instancia declaró *No Ha Lugar* la reconsideración.[51]

Aun en desacuerdo, el Consejo acudió ante esta Curia mediante el recurso de marras, en el cual esgrimió el siguiente señalamiento de error:

**ERRÓ EL TPI AL ORDENAR LA DESESTIMACI[Ó]N, CON PERJUICIO, DE LA CAUSA DE ACCIÓN AMPARADA EN EL ART. 27.165 DEL CÓDIGO DE SEGURO.**

Por su parte, el 28 de julio de 2025, la parte apelada presentó su *Alegato de MAPFRE en oposición a apelación civil.* Finalmente, el 30 de julio de 2025, el Consejo incoó un escrito para notificar su intención de replicar el alegato en oposición del Mapfre, lo que, mediante *Resolución* emitida el 5 de agosto de 2025, declaramos *No Ha Lugar.*

Con el beneficio de la comparecencia de ambas partes, procederemos a disponer del presente recurso.

II

## A. Recurso de Apelación

La Regla 52.2 (a) de Procedimiento Civil, [52] así como la Regla 13(A) del Reglamento del Tribunal de apelaciones,[53] disponen que los recursos de apelación tienen que presentarse dentro de un término jurisdiccional de treinta (30) días, desde el archivo en autos de copia de la notificación de la sentencia recurrida. Como es conocido, un plazo jurisdiccional es de carácter fatal. Ello, quiere decir que no admite justa causa, es improrrogable y que su incumplimiento es insubsanable.[54] Por otra parte, es menester acentuar que la correcta notificación de una sentencia es una

---

[49] SUMAC TPI, a la Entrada Núm. 324.
[50] *Íd.*, a la Entrada Núm. 329.
[51] *Íd.*, a la Entrada Núm. 332.
[52] 32 LPRA Ap. V, R. 52.2 (a).
[53] *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 22, 215 DPR __ (2025).
[54] *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000); *Arriaga v. FSE,* 145 DPR 122, 131 (1998); *Loperena Irizarry v. ELA,* 106 DPR 357, 360 (1977).

característica imprescindible del debido proceso judicial.[55] De manera que, si la sentencia no fue notificada conforme a derecho, el Tribunal de Apelaciones no tendrá jurisdicción para atender la misma, ya que el recurso instado ante este foro será prematuro.[56]

Ahora bien, el término de treinta (30) días para acudir en alzada, antes señalado, puede quedar interrumpido mediante la presentación oportuna de una moción de reconsideración fundamentada.[57] En tal caso, el término para apelar se contará a partir del archivo en autos de la copia de la notificación de la resolución que resuelve la moción.[58] Esto, a pesar de que la moción se haya declarado sin lugar.

De otra parte, precisa señalar que en grado de apelación, la tarea principal del Tribunal de Apelaciones es examinar como los tribunales inferiores aplican el derecho a los hechos particulares de cada caso, y si abusaron de su discreción.[59] En consecuencia, el foro apelativo no debe pretender administrar ni manejar el trámite regular de los casos ante el foro primario.[60] Así, pues, si las determinaciones del tribunal no están desprovistas de base razonable ni perjudican los derechos de una parte, debe prevalecer el criterio del juez de instancia.[61] Por ello, se ha establecido que los foros apelativos no deben intervenir con las facultades discrecionales del tribunal de instancia, a menos que se demuestre que: (i) actuó con perjuicio o parcialidad; (ii) abusó de su discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o derecho sustantivo. Igualmente, se permite intervenir para evitar un perjuicio sustancial.[62]

---

[55] *Rodríguez Mora v. García Lloréns*, 147 DPR 305, 309 (1998).
[56] *Berríos Fernández v. Vázquez Botet*, 196 DPR 245, 250-251 (2016).
[57] Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47.
[58] *Íd.*
[59] *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 707 (2013); *Sierra, Secretario del Trabajo v. Tribunal Superior*, 81 DPR 554, 572 (1958).
[60] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434 (2013).
[61] *Sierra, Secretario del Trabajo v. Tribunal Superior,* supra, a la pág. 572.
[62] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 210 (2023).

### B. La Desestimación Con Perjuicio

En nuestro ordenamiento jurídico se ha desarrollado una política pública a favor de que los casos se ventilen en los méritos.[63] A esos efectos, los tribunales deben optar por desestimar un pleito con perjuicio excepcionalmente y en casos extremos.[64] Ello, puesto que la aludida sanción es la más drástica que puede imponer un tribunal, dado a que tiene el efecto de una adjudicación en los méritos y, por ende, cosa juzgada.[65]

Adviértase que, cuando un tribunal desestima un pleito, tiene la discreción para determinar que será sin perjuicio. De este modo, se posibilita una posterior presentación de la misma reclamación. Ahora bien, si el juzgador no especifica el efecto de la desestimación, generalmente, se entenderá que es con perjuicio.[66] A esos efectos, la desestimación únicamente procederá cuando existan circunstancias que permitan a los tribunales determinar, sin ambigüedades, que la demanda carece de todo mérito o que la parte demandante no tiene derecho a obtener algún remedio.[67] Además, nuestro Tribunal Supremo ha sido enfático en que la desestimación no procede si la reclamación es susceptible de ser enmendada.[68]

### C. La Concesión de Honorarios de Abogado al Amparo de los Artículos 27.164 y 27.165 del Código de Seguros.

Ante las múltiples violaciones por parte de las compañías aseguradoras a las disposiciones del Código de Seguros, la Asamblea Legislativa de Puerto Rico (Asamblea Legislativa) añadió los Artículos 27.164 y 27.165[69] al Código, mediante la promulgación de la Ley Núm. 247-2018.[70] Esto, con el fin primordial de brindar

---

[63] *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 264 (2021).
[64] *Íd.,* a la pág. 264; *Banco Popular v. S.L.G. Negrón,* 164 DPR 855, 864 (2005).
[65] *Banco Popular v. S.L.G. Negrón,* supra, a la pág. 864.
[66] *VS PR, LLC v. Drift-Wind,* supra, a la pág. 267.
[67] *González Méndez v. Acción Social et al.,* 196 DPR 213, 235 (2016).
[68] *Accurate Sols. v. Heritage Enviroment,* 193 DPR 423, 433 (2015); *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 429 (2008); *Colón v. Lotería,* supra, 649; *Clemente v. Depto. de la Vivienda,* 114 DPR 763, 771 (1993).
[69] Ley Núm. 77, *supra,* 26 LPRA sec. 2716d y sec. 2716e.
[70] 26 LPRA sec. 2716d *et seq.*

herramientas y protecciones adicionales en beneficio de los asegurados para garantizar el fiel cumplimiento de los fines del Código de Seguros y, así, agilizar el proceso de recuperación de Puerto Rico ante el paso de los huracanes Irma y María.[71] A su vez, la Asamblea Legislativa entendió que era indispensable establecer parámetros que garantizaran una respuesta apropiada y oportuna por parte de las aseguradoras, para beneficio de los asegurados.[72]

Cónsono con los anteriores fines, ambos articulados proveen para la concesión de honorarios por parte de las aseguradoras.[73] Por su parte, el inciso cuatro (4) del Artículo 27.164 dispone que "[e]n caso de adjudicación adversa en el juicio o luego de una apelación, el asegurador autorizado será responsable de los daños, junto con costos judiciales y honorarios razonables de abogados incurridos por el demandante".[74] Mientras que, el inciso uno (1) del Artículo 21.165 establece que:

> Al recaer una sentencia o decreto por cualquiera de los tribunales contra un asegurador y en favor de cualquier asegurado nombrado o el beneficiario designado bajo una póliza o contrato ejecutado por el asegurador, el Tribunal de Primera Instancia o, en el caso de una apelación en la que prevalezca el asegurado o beneficiario, el tribunal de apelación, deberá adjudicar o decretar contra el asegurador y a favor del asegurado o el abogado del beneficiario una suma razonable como honorarios o compensación por haber procesado la demanda en la que se obtuvo una recuperación.[75]

Ahora bien, el inciso tres (3) del Artículo 27.164, especifica que "[c]omo condición previa a entablar una acción bajo las disposiciones de este Artículo, la parte afectada deberá notificar por escrito al Comisionado [de Seguros] y a la aseguradora de la violación".[76] Así, pues, la aseguradora tendrá un término de sesenta (60) días para remediar la violación.[77] De manera que, "no procederá

---

[71] Exposición de Motivos de la Ley Núm. 247, *supra.*
[72] *Íd.*
[73] *Consejo Titulares v. MAPFRE*, 2024 TSPR 140, 215 DPR ___ (2024).
[74] Ley Núm. 77, *supra*, 26 LPRA sec. 2716d.
[75] *Íd.*, 26 LPRA sec. 2716e.
[76] Ley Núm. 77, *supra* 26 LPRA sec. 2716d.
[77] *Íd.*

acción alguna si, dentro de los sesenta (60) días posteriores al recibo de la notificación, se pagan los daños o se corrigen las deficiencias o violaciones que fundamentan la notificación".[78] Entiéndase que, "ese término de sesenta días provee una última oportunidad para que la aseguradora responda extrajudicialmente y dentro de un término fijo".[79] En consecuencia, "si la aseguradora opta por no atender el reclamo dentro de esos sesenta días, por la razón que fuese, entonces podría enfrentar una demanda por daños y honorarios de abogado amparada en el Código de Seguros".[80] Es menester apuntalar que nuestro Tribunal Supremo razonó que el aludido término es de naturaleza jurisdiccional, de modo que es ineludible e improrrogable.[81]

Por otra parte, es preciso acentuar que el Alto Foro, aclaró que la causa de acción de honorarios de abogado tanto bajo el Artículo 27.164,[82] así como la del Artículo 27.165,[83] está disponible solo cuando la aseguradora no remedia la situación en el término de sesenta (60) días establecido en el Artículo 27.164.[84] Por ende "la acción civil instada antes de transcurrir el mencionado término despoja al tribunal de autoridad para atender la reclamación, ya que nunca se configuró la causa de acción".[85]

### III

En su único señalamiento de error, el Consejo aduce que el foro de instancia incidió tras haber ordenado la desestimación con perjuicio de la causa de acción amparada en el Artículo 27.165 del

---

[78] Ley Núm. 77, *supra* 26 LPRA sec. 2716d.
[79] *Con. Tit. 76 Kings Court v. MAPFRE,* 208 DPR 1018, 1037 (2022).
[80] *Íd.*
[81] *Íd.,* a la pág. 1036.
[82] Ley Núm. 77, *supra*, 26 LPRA sec. 2716d.
[83] *Íd.*, 26 LPRA sec. 2716e.
[84] *Íd.*, 26 LPRA sec. 2716d.
[85] *Consejo Titulares v. MAPFRE,* supra (Cita depurada).

Código de Seguros.[86] Tras evaluar minuciosamente los autos ante nuestra consideración, las posturas de las partes, así como el derecho aplicable y todos los escritos presentados, colegimos que no le asiste razón a la parte apelante. Nos explicamos.

Conforme relatamos previamente, el caso del título tuvo sus inicios cuando la parte apelante presentó una *Demanda* en contra de la compañía de seguros Mapfre. En su pliego, entre otras cosas, incluyó una causa de acción al amparo del Artículo 27.164 del Código de Seguros,[87] y solicitó una compensación por costas y honorarios de abogado al amparo del Artículo 27.165 del referido Código[88] y de la Regla 44.1 de Procedimiento Civil.[89]

Luego de varias instancias procesales innecesarias de pormenorizar, Mapfre presentó un escrito en el cual solicitó la desestimación de las causas de acción al amparo de los Artículos 27.164 y 27.165.[90] Indicó, en esta moción que nuestro Tribunal Supremo, emitió una opinión en el caso de *Con. Tit. 76 Kings Court v. MAPFRE*, supra, en el cual razonó que, antes de presentar una causa de acción al amparo de los antes señalados artículos, el asegurado debía notificar al Comisionado de Seguros y a la compañía asegurada de la presunta violación, y concederle un término de sesenta (60) días, contados a partir de la presentación de la aludida notificación, para dar oportunidad a la compañía aseguradora de remediar la alegada violación. Acentuó que, en la reseñada opinión, el Tribunal Supremo dejó claro que, de no cumplirse con lo anterior, el asegurado tenía las puertas cerradas para solicitar los remedios provistos por los referidos artículos. Así, pues, alegó que, en este caso, la parte apelante cumplió con la notificación requerida, empero, no esperó a que se cumpliera el

---

[86] Ley Núm. 77, *supra*, 26 LPRA sec. 2716e.
[87] *Íd.*, 26 LPRA sec. 2716d.
[88] *Íd.*, 26 LPRA sec. 2716e
[89] 32 LPRA Ap. V, R. 44.1.
[90] Ley Núm. 77, *supra*, 26 LPRA secs. 2716d y 2716e.

término de sesenta (60) días antes reseñado. De manera que, procedía la desestimación de las causas de acción al amparo de los Artículos 27.164 y 27.165 del Código de Seguros.[91]

En respuesta, la parte apelante accedió a desistir sin perjuicio de la causa de acción al aparo del Artículo 27.164,[92] empero, se opuso a la desestimación de la causa de acción al amparo del Artículo 27.165.[93] Arguyó que el caso reseñado por la parte apelada no dejaba claro que, al presentar una causa de acción antes de cumplido el término señalado, se cerraban las puertas a solicitar los remedios del Artículo 27.165.[94]

Evaluadas las posturas de las partes, el tribunal *a quo,* mediante *Sentencia Parcial,* declaró *Ha Lugar* la solicitud de desistimiento voluntario incoada por la parte apelante, y, mediante *Resolución,* declaró *No Ha Lugar* la desestimación de la causa de acción al amparo del Artículo 27.165.[95]

Pasado un tiempo, Mapfre presentó otra solicitud de desestimación en la cual, reseñó que, en una opinión reciente, nuestro Alto Foro, había aclarado que el incumplimiento con el término de sesenta (60) días, contados a partir de presentación del Formulario de Notificación, privaba al asegurado tanto de los remedios del Artículo 27.164,[96] como los del Artículo 27.165 del Código de Seguros.[97] Así, pues, peticionó la desestimación de la causa de acción al amparo referido Artículo 27.165,[98] presentada por la parte apelante.

En respuesta, la parte apelante se opuso. No obstante, el tribunal apelado, al evaluar los escritos, mediante la *Sentencia*

---

[91] Ley Núm. 77, *supra,* 26 LPRA secs. 2716d y 2716e.
[92] *Íd.,* 26 LPRA secs. 2716d.
[93] *Íd.,* 26 LPRA secs. 2716e.
[94] Ley Núm. 77, *supra,* 26 LPRA sec. 2716e.
[95] *Íd.*
[96] *Íd.,* 26 LPRA sec. 2716d.
[97] *Íd.,* 26 LPRA sec. 2716e.
[98] Ley Núm. 77, *supra,* 26 LPRA sec. 2716e.

*Parcial* que nos ocupa, coincidió en que la jurisprudencia reciente estableció un requisito jurisdiccional para poder presentar una causa de acción al amparo de ambos Artículos, 27.164 y el 27.165.[99] De manera que, dado a que, en este caso, no se esperó a que transcurriera el término de sesenta (60) días requerido por el Código de Seguros, procedía la desestimación con perjuicio de la causa de acción al amparo del Artículo 27.165.[100]

Inconforme, la parte apelante solicitó al tribunal de instancia que reconsidera la antedicha determinación, lo cual fue declarado sin lugar. Así, pues, la parte apelante acudió ante esta Curia para alegar que el foro primario había errado en su determinación, específicamente, en cuanto a la desestimación con perjuicio de su causa de acción al amparo del Artículo 27.165.[101]

Establecido lo anterior subrayamos, de entrada, que, luego de examinar con detenimiento el ordenamiento jurídico vigente, no albergamos duda de que el tribunal *a quo* procedió correctamente al desestimar la causa de acción presentada por la parte apelante al amparo del Artículo 27.165.[102] Según reseñamos en nuestra previa exposición doctrinal, el Alto Foro ha dejado claro que la causa de acción de honorarios de abogado tanto bajo el Artículo 27.164,[103] así como la del Artículo 27.165 del Código de Seguros,[104] está disponible solo cuando la aseguradora no remedia la situación en el término de sesenta (60) días estatuido en el reseñado código.[105] En consecuencia, si la acción civil se presenta antes de trascurrir el aludido término, el tribunal no tendrá autoridad para atender la reclamación.[106] Puesto a que, en el caso de marras, la acción

---

[99] *Ley Núm. 77, supra,* 26 LPRA secs. 2716d y 2716e.
[100] *Íd.,* 26 LPRA sec. 2716e.
[101] Ley Núm. 77, *supra,* 26 LPRA sec. 2716e.
[102] *Íd.*
[103] *Íd.,* 26 LPRA sec. 2716d.
[104] *Íd.,* 26 LPRA sec. 2716e.
[105] *Consejo Titulares v. MAPFRE,* supra.
[106] *Íd.*

civil se presentó al día cincuenta y uno (51) de haberse presentado el Formulario de Notificación, el tribunal *a quo* no tenía otra alternativa que desestimar la causa de acción al amparo del Artículo 27.165 del Código de Seguros.[107]

Ahora bien, el error específicamente esgrimido ante esta Curia es que la desestimación decretada por el tribunal de instancia fue con perjuicio. La parte apelante es de la opinión que el aludido foro debió haber desestimado su causa de acción sin perjuicio. Es menester reseñar que, cuando el tribunal desestima un pleito tiene la discreción de determinar si será con o sin perjuicio.[108] Sabido es, que este Foro Apelativo no debe intervenir con los asuntos discrecionales del tribunal de instancia a menos que la determinación esté desprovista de base razonable o perjudique los derechos de una parte.[109] Ello, puesto a que esta Curia no debe pretender administrar el trámite regular de los casos ante el foro primario.[110] Siendo así, no encontramos razón para intervenir con la determinación del foro primario de desestimar la causa de acción de la parte apelante con perjuicio. Particularmente, dado a que, en la opinión de nuestra última instancia judicial, que fungió como fundamento para la desestimación ante nuestra consideración y en la cual transcurrieron hechos muy similares al caso del título, el Alto Foro no expresó cuáles eran los efectos de la desestimación. Es norma harta conocida que si el juzgador no especifica el efecto de la desestimación se entenderá que es con perjuicio.[111] Así, pues, si el Alto Foro hubiera entendido que la desestimación, en estos casos, debía ser sin perjuicio tenía que expresarlo, cosa que no ocurrió.

---

[107] Ley Núm. 77, *supra*, 26 LPRA sec. 2716e.
[108] *VS PR, LLC v. Drift-Wind,* supra, a la pág. 267.
[109] *Sierra, Secretario del Trabajo v. Tribunal Superior,* supra, a la pág. 572.
[110] *SLG Zapata-Rivera v. J.F. Montalvo,* supra, a la pág. 434.
[111] *VS PR, LLC v. Drift-Wind,* supra, a la pág. 267.

Por otro lado, sabido es que la razón por la cual un juzgador opta por desestimar una causa de acción sin perjuicio es para posibilitar una posterior presentación de la misma reclamación.[112] Según adelantamos, la parte aquí apelante incumplió con los requisitos jurisdiccionales previstos por el Código de Seguros para presentar una causa de acción al amparo del Artículo 27.165. Conforme destacamos, el incumplimiento con esos requisitos despoja al tribunal de autoridad para atender una reclamación al amparo del referido artículo. De manera que, el tribunal *a quo* no tenía otra opción que desestimar la causa de acción con perjuicio, ya que la parte apelante, por razón de su incumplimiento, no tiene posibilidad de presentar una posterior reclamación. Abona a lo anterior que, el aludido término de sesenta (60) días es de naturaleza jurisdiccional, por lo que es ineludible e improrrogable. [113]

Por lo antes expuesto, nos es forzoso *confirmar* la *Sentencia Parcial* apelada.

IV

Por los fundamentos que anteceden, se *confirma* la *Sentencia Parcial* apelada. En consecuencia, se devuelve el caso al tribunal de instancia para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[112] *VS PR, LLC v. Drift-Wind,* supra, a la pág. 267.
[113] *Con. Tit. 76 Kings Court v. MAPFRE,* supra, a la pág.1036.